**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

Civil Action No. _____8:20-cv-01395_____

CARLA S. CONOVER,

     Plaintiff,

v.

HUNTER WARFIELD INC.,

     Defendant.

_____/

## **COMPLAINT**

NOW COMES CARLA S. CONOVER, through undersigned counsel, complaining of HUNTER WARFIELD INC., as follows:

### **NATURE OF THE ACTION**

1.     This is an action seeking redress for alleged violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*., the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227 *et seq.* and the Florida Consumer Collection Practices Act (the "CCPA"), Fla. Stat. § 559.55 *et seq*.

### **JURISDICTION AND VENUE**

2.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.     This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4.     Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5.      CARLA S. CONOVER ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Palm Harbor, Florida.

6.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7.      Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

8.      Plaintiff is a "consumer" as defined by Fla. Stat. § 559.55(8).

9.      HUNTER WARFIELD INC., ("Defendant") is a limited liability company organized and existing under the laws of Maryland.

10.     Defendant has its principal place of business at 4620 Woodland Corporate Boulevard, Tampa, Florida 33614.

11.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of Defendant' business is the collection of debt.

12.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

13.     Defendant is a "person" as defined by 47 U.S.C. § 153(39).

14.     Defendant is a "debt collector" as defined by Fla. Stat. § 559.55(7).

## FACTUAL ALLEGATIONS

15.     At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 8075.

16.     At all times relevant, Plaintiff's number ending in 8075 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

17.     At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

18.     Plaintiff and Plaintiff's daughter entered into a lease for a three-bedroom apartment with Park Crest at Innisbrook in Palm Harbor, Florida.

19.     Soon thereafter, Plaintiff moved in to a one-bedroom apartment, as Plaintiff's daughter and her children would not be moving to Florida.

20.     Unbeknownst to everyone, Plaintiff's daughter remained on the lease.

21.     Plaintiff's daughter and her children finally decided to move to Florida.

22.     Plaintiff's daughter entered into a lease for a two-bedroom apartment at Park Crest at Innisbrook.

23.     Soon thereafter, Park Crest at Innisbrook informed Plaintiff and Plaintiff's daughter that Plaintiff's daughter could not be on two leases.

24.     Accordingly, Plaintiff broke the lease early and vacated the premises.

25.     Park Crest at Innisbrook informed Plaintiff that she was responsible for one month's rent.

26.     In October of 2018, Plaintiff made this rent payment.

27.     Last year, Plaintiff applied for housing at Providence at Park Harbor.

28.     Plaintiff's application was denied; leading Plaintiff to discover that Park Crest of Innisbrook referred her alleged $2,298.00 balance for collection.

29.     This $2,298.00 balance is a "debt" as defined by 15 U.S.C. § 1692a(5).

30.     This $2,298.00 balance is a "claim" as defined by M.C.L. § 339.901(1)(a).

31.     This $2,298.00 balance is a "debt" as defined by M.C.L. § 339.901(1)(a).

32.     Plaintiff soon started to receive phone calls from Defendant seeking to collect on Plaintiff's alleged balance.

33. Each time Plaintiff answered, Plaintiff was met by noticeable pause prior to being connected to an agent.

34. On multiple occasions, Plaintiff disputed that she owed the $2,298.00 balance sought.

35. On several instances, Plaintiff pled with Defendant to stop calling.

36. In spite of Plaintiff's pleas, Plaintiff received dozens of phone calls from numbers leading back to Defendant – including, (800) 865-3565; (813) 283-4549; and (844) 486-8729.

## DAMAGES

37. Defendant's constant harassing phone calls have severely disrupted Plaintiff's everyday life and overall well-being.

38. Defendant's phone calls have caused Plaintiff actual harm, including but not limited to, aggravation that accompanies persistent and unwanted phone calls, anxiety, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls, wear and tear to Plaintiff's cellular phone, intrusion upon and occupation of Plaintiff's cellular telephone, temporary loss of use of Plaintiff's cellular phone, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

39. Concerned with having had her rights violated, Plaintiff was forced to retain counsel to vindicate her rights.

40. Accordingly, Plaintiff is forced to expend energy and/or time consulting with attorneys to put an end to Defendant's unlawful collection practices.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

41.     Paragraphs 15 through 40 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of 15 U.S.C. § 1692d

42.     Section 1692d provides:

[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (5)     Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

15 U.S.C. § 1692d(5).

43.     Defendant violated 15 U.S.C. § 1692d(5) by repeatedly or continuously calling Plaintiff after being asked to cease.

44.     The phone calls at issue were intended to be annoying, abusive, or harassing.

45.     Such intent can be shown when the defendant continues to call the plaintiff after it has been asked to stop.

46.     Plaintiff may enforce the provisions of 15 U.S.C. § 1692d(5) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1)     any actual damage sustained by such person as a result of such failure;

(2)

5

       (A)     in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3)     in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A.     a finding that Defendant violated 15 U.S.C. § 1692d(5);

B.     an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C.     an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D.     an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E.     an award of such other relief as this Court deems just and proper.

### COUNT II:
### Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)

47.     Paragraphs 15 through 40 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

48.     Defendant placed or caused to be placed dozens of non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

49.     Upon information and belief, based on the "pause" when Claimant answered, Respondent employed an ATDS to place calls to Claimant.

50.     Upon information and belief, the ATDS employed by Respondent transfers calls to an agent once a human voice is detected, hence the pause.

51.     Upon information and belief, the ATDS employed by Respondent has the ***capacity*** – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

52.     As plead above, Claimant revoked consent to be called on Claimant's cellular telephone.

53.     As plead above, Claimant was severely harmed by Respondent's collection calls to Claimant's cellular telephone.

54.     Upon information and belief, Respondent has no system in place to document whether they have consent to contact consumers on their cellular telephones.

55.     Upon information and belief, Respondent has no policies and procedures in place to honor consumers' requests that collection calls cease.

56.     Upon information and belief, Respondent knew that their collection practices were in violation of the TCPA, yet continued to employ them in order to maximize efficiency and revenue.

57.     As a result of Respondent's violations of 47 U.S.C. §227(b)(1)(A)(iii). Claimant is entitled to receive $500.00 in damages for each violation.

58.     As a result of Respondent's knowing and willful violations of 47 U.S.C. §227 (b)(1)(A)(iii), Claimant is entitled to receive up to $1,500.00 in treble damages for each violation.

WHEREFORE, Claimant requests the following relief:

A.     a finding that Respondent violated 47 U.S.C. § 227 *et seq*.;

B.     an award of statutory damages of at least $500.00 for each and every violation;

C.      an award of treble damages of up to $1,500.00 for each and every violation; and

D.      an award of such other relief as this Court deems just and proper.

## COUNT III:
## Florida Consumer Collection Practices Act (Fla. Stat. § 559.55 *et seq*.)

59.     Paragraphs 15 through 40 of this Complaint are expressly adopted and incorporated

herein as though fully set forth herein.

### Violation(s) of Fla. Stat. § 559.72

60.     Subsection 559.72(7) of the CCPA provides:

In collecting consumer debts, no person shall:

> (7)     Willfully communicate with the debtor or any member of her or his
> family with such frequency as can reasonably be expected to harass
> the debtor or her or his family, or willfully engage in other conduct
> which can reasonably be expected to abuse or harass the debtor or
> any member of her or his family.

Fla. Stat. § 559.72(7).

61.     Defendant violated Fla. Stat. § 559.72(7) by continuously calling Plaintiff after

being asked to stop.  *See Waite v. Fin. Recovery Servs., Inc*., 2010 U.S. Dist. LEXIS 133438, 2010

WL 5209350, at *3 (M.D. Fla. Dec. 16, 2010). (misconduct includes calling the plaintiff after

being asked to stop).

62.     Plaintiff may enforce the provisions of Fla. Stat. § 559.72(7) pursuant to Fla. Stat.

§ 559.77(2) which provides:

> Any person who fails to comply with any provision of s. 559.72 is liable for actual
> damages and for additional statutory damages as the court may allow, but not
> exceeding $1,000, together with court costs and reasonable attorney's fees incurred
> by the plaintiff.

**WHEREFORE**, Plaintiff requests the following relief:

A.      a finding that Defendant violated Fla. Stat. § 559.72(7);

8

B.      an award of actual damages sustained by Plaintiffs as a result of Defendant's violation(s);

C.      an award of additional statutory damages, as the Court may allow, but not exceeding $1,000.00;

D.      an award of court costs and reasonable attorney's fees incurred by Plaintiff; and

E.      an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: June 16, 2020                              Respectfully submitted,

                                                  **CARLA S. CONOVER**

                                                  By: *Alexander J. Taylor*

                                                  Alexander J. Taylor, Esq.
                                                  Florida Bar No. 1013947
                                                  SULAIMAN LAW GROUP, LTD.
                                                  2500 South Highland Avenue
                                                  Suite 200
                                                  Lombard, Illinois 60148
                                                  +1 630-575-8181
                                                  ataylor@sulaimanlaw.com